**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3822-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROLANDO MORRISON, a/k/a
ROLAND R. MORRISON,
ROLONDO MORRISON,
DANNY BOATWRIGHT,
and CORLANDO GRANT,

     Defendant-Appellant.

_____

        Submitted May 5, 2026 – Decided August 5, 2026

        Before Judges Sumners and Chase.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-04-0591.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (John Vincent Saykanic, Designated Counsel, on the brief).

        Wayne Mello, Hudson County Prosecutor, attorney for respondent (Colleen Kristan Signorelli, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rolando Morrison's post-conviction relief (PCR) petition asserting claims of ineffective assistance of trial and appellate counsel was denied without an evidentiary hearing. On appeal, he argues:

> POINT I
>
> THE PCR COURT ERRED IN NOT CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE WHETHER TRIAL (AND APPELLATE) COUNSEL WERE INEFFECTIVE IN FAILING TO RAISE THE DEFENSE OF SELF-DEFENSE (AND FAILURE TO FILE A NOTICE OF SELF-DEFENSE), THE MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING.
>
> > A. THE RELEVANT PCR AND [INEFFECTIVE ASSISTANCE OF COUNSEL] LAW.
> >
> > B. AN EVIDENTIARY HEARING MUST BE HELD.
>
> POINT II
>
> TRIAL COUNSEL (AND APPELLATE COUNSEL) WERE INEFFECTIVE BY ALLOWING DEFENDANT TO BE CONVICTED WITHOUT ANY MEDICAL EVIDENCE PRESENTED AS TO [THE VICTIM'S] INJURIES NOR AS TO ANY ACTUAL GUNSHOT IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND DUE PROCESS RIGHT TO A FAIR TRIAL; AT THE VERY LEAST THE MATTER

A-3822-23

SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT III

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO THE PROSECUTORIAL MISCONDUCT OF IMPROPER VIDEO NARRATION DURING THE STATE'S OPENING AND CLOSING STATEMENTS IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND DUE PROCESS RIGHT TO A FAIR TRIAL; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT IV

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO THE PROSECUTORIAL MISCONDUCT THAT RESULTED IN THE DENIAL OF DEFENDANT'S CONSTITUTIONAL CONFRONTATION RIGHT TO FACE HIS ACCUSER AND THE ALLEGED VICTIM IN THE CASE; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT V

APPELLATE COUNSEL WAS INEFFECTIVE IN NOT ARGUING THAT THE CUMULATIVE ERRORS COMMITTED BY THE COURT, PROSECUTOR, AND TRIAL COUNSEL DEPRIVED DEFENDANT OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL AND NEW JERSEY CONSTITUTIONAL RIGHT TO A FAIR TRIAL; U.S.

3

CONST. AMENDS. VI AND XIV; N.J. CONST. (1947) ART. 1, PAR. 10; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT VI

THE PCR COURT ERRED IN RULING THAT THE ISSUES RAISED IN GROUNDS I THROUGH IV AND VI ARE BARRED UNDER [RULE] 3:22-5.

POINT VII

THE PCR COURT ERRED IN RULING THAT THIS ISSUE IS BARRED UNDER [RULE] 3:22-5; AS TO GROUND TWO, TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE ALLEGED VICTIM'S HOSPITAL PHOTOGRAPHS AND THIS ERROR DENIED DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL HEARING; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT VIII

THE PCR COURT ERRED IN RULING THAT THIS ISSUE IS BARRED UNDER [RULE] 3:22-5; AS TO GROUND THREE, TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A JURY CHARGE PURSUANT TO STATE V. CLAWANS, 38 N.J. 162 (1962); AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT IX

4

THE PCR COURT ERRED IN RULING THAT THIS ISSUE IS BARRED UNDER [RULE] 3:22-5; AS TO GROUND FOUR, TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A JURY INSTRUCTION THAT THE JURY MUST FIND DEFENDANT NOT GUILTY IF THE STATE FAILED TO PROVE ALL ELEMENTS OF THE SECOND-DEGREE POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE CHARGE AND THIS ERROR DENIED DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT X

THE PCR COURT ERRED IN RULING THAT THIS ISSUE IS BARRED UNDER [RULE] 3:22-5; TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO PROPERLY RAISE THIRD-PARTY GUILT—NAMELY, THAT ANOTHER INDIVIDUAL HAD ASSAULTED [THE VICTIM] IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND DUE PROCESS RIGHT TO A FAIR TRIAL; AT THE VERY LEAST THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT XI

THE PCR COURT ERRED IN NOT LITIGATING ISSUES BY IMPROPERLY INVOKING THE BAR OF [RULE] 3:22-5.

Having reviewed the record in light of the parties' arguments and governing legal principles, we affirm the order of PCR Judge Mitchell L. Pascual denying defendant relief.

I.

We do not repeat the facts and procedural history leading to defendant's conviction for second-degree aggravated assault (serious bodily injury), third-degree aggravated assault with a deadly weapon, second-degree possession of a firearm for an unlawful purpose, second-degree unlawful possession of a handgun, fourth-degree obstruction, and second-degree certain persons not to possess weapons, or his aggregate fifteen-year sentence subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. They are fully detailed in our opinion affirming his conviction and sentence, which we incorporate by reference. See State v. Morrison, No. A-2116-18 (App. Div. Nov. 2, 2020) (certif. denied, 248 N.J. 230).

Briefly stated, an altercation occurred outside a Jersey City bar leading to the jury verdict that defendant assaulted the victim with an unknown black object and shot him in the abdomen. Although neither the victim nor bar patrons cooperated with the ensuing police investigation to identify the assailant, circumstantial evidence—including a surveillance video, defendant's DNA

taken from a hat which fell off the assailant's head during the altercation, and defendant's attempt to flee the scene—supported the jury's decision to convict defendant.

## II.

Before addressing defendant's arguments, we set forth some well-settled principles that govern our review of a PCR judge's ruling.

"PCR is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). PCR provides a defendant with a forum to remedy a "[s]ubstantial denial in the conviction proceedings of a defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). A defendant is entitled to an evidentiary hearing only when a prima facie PCR case has been presented. State v. Marshall, 148 N.J. 89, 158 (1997). Thus, a "defendant must demonstrate a reasonable likelihood that [their] . . . claim will ultimately succeed on the merits." Ibid.

For a defendant to obtain relief based on ineffective assistance of counsel grounds, they must first establish that counsel's handling of the matter "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must then show there exists a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 60-61. A failure to satisfy either prong of the Strickland/Fritz standard requires the denial of PCR. Strickland, 466 U.S. at 700; Fritz, 105 N.J. at 52.

"The right to effective assistance includes the right to the effective assistance of appellate counsel on direct appeal." State v. O'Neil, 219 N.J. 598, 610 (2014); see also Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). The standard for assessing ineffective assistance of appellate counsel is the same standard applied for a trial counsel under Strickland/Fritz. O'Neil, 219 N.J. at 610-11.

In accordance with Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for [PCR] is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." The prior adjudication of an issue bars a subsequent post-conviction hearing on the same ground. State v. Afanador, 151 N.J. 41, 51 (1997). We review de novo a trial court's decision that a PCR petition is procedurally barred. State v. Harris, 181 N.J. 391, 419 (2004).

When as here the PCR judge does not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal

conclusions de novo.  State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025).  See also State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).  When applying de novo review, appellate courts "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014).  Our case law also indicates that appellate courts review a PCR court's decision on whether to proceed without an evidentiary hearing for an abuse of discretion.  See Balbosa, 481 N.J. Super. at 519-20 (citing State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023)).[1] However, given the rulings regarding the appropriate standard of review of a PCR judge's decision on whether to hold an evidentiary hearing, we err on the

---

[1] Applying an abuse-of-discretion standard to a PCR judge's decision to deny a defendant's request for an evidentiary hearing appears to be in tension with the long-settled rule that we review de novo not only a trial court's interpretation of the law but also the legal "consequences that flow from established facts." State v. Gamble, 218 N.J. 412, 425 (2014).  Cf. Balbosa, 481 N.J. Super. at 519-20 (stating that "we review both the factual inferences drawn from the record and any legal conclusions de novo" and that "[w]e review the PCR court's decision to proceed without an evidentiary hearing for an abuse of discretion."). Arguably, the question of whether a defendant has established a prima facie case in support of PCR—a critical inquiry in determining whether an evidentiary hearing is required—is a question of law, or at least a mixed question, that is, a legal consequence that flows from established facts.  See R. 3:22-10(b); see also Preciose, 129 N.J. at 462 (PCR judges "ordinarily should grant evidentiary hearings . . . if a defendant has presented a prima facie [PCR case].").

side of caution and review de novo whether defendant in this case has established the grounds for an evidentiary hearing.

III.

In Points I through IV of his merits brief, defendant contends the PCR judge erred in not finding that his trial counsel was ineffective for failing to raise self-defense, failing to object to improper video narration, failing to object to the denial of confrontation, and allowing a conviction without the presentation of medical evidence of the victim's injury. Additionally, in Points I, II, and V, defendant contends the PCR judge erred in not finding his appellate counsel was ineffective for failing to argue that his conviction should have been reversed due to self-defense, the lack of medical evidence of the victim's injury, and cumulative errors. We address these contentions in turn.

<u>Self-Defense</u>

Defendant claims the victim instigated, provoked him, and threw the first punch. He argues that he wanted to testify at trial but trial counsel failed to properly prepare him.

On direct appeal, defendant argued that the trial court violated his right to a fair trial in excluding his third-party guilt defense. The PCR judge correctly pointed out that, in our opinion affirming his conviction, we addressed and

10

rejected the self-defense claim even though it was not directly raised. See Morrison, slip op. at 10-11. In finding no merit to defendant's self-defense claim,[2] as well as his third-party guilt claim, we concluded that "nothing [in] the [surveillance] video depicting the struggle between the unarmed victim and an armed defendant justified his use of force, as required by N.J.S.A. 2C:3-4." Ibid. The video, which recorded the victim's movements for a period before the incident, did not show he was aggressive in any way. The video then depicted defendant initiating the altercation with the victim. Except for defendant's self-serving claim that the victim was the aggressor, there are no supporting affidavits from anyone else or evidence that the incident differed from what was seen on the surveillance video. We also stressed that, "although anything is possible, the likelihood that a third person shot the victim, simultaneously with his continuing confrontation off-screen with the defendant, is nothing more than unfounded speculation." Id. at 9-10. See State v. Koedatich, 112 N.J. 225, 301 (1988) (holding that third-party guilt is only admissible where a defendant can demonstrate "some link between the evidence and the victim or the crime").

---

[2] To establish a successful self-defense claim, a defendant must show that "the actor reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." N.J.S.A. 2C:3-4(a).

A-3822-23

Defendant also contends that, if a PCR evidentiary hearing was held, he would have testified that he acted in self-defense and would have provided the same testimony at trial. The PCR judge determined that defendant's voir dire regarding whether he would testify belied his PCR claim because it demonstrated that he knowingly waived his right to testify and that trial counsel was not ineffective in giving defendant advice on whether he should testify. Moreover, had defendant testified, the jury would have been informed about his criminal record, which would have been detrimental to his defense.

Defendant cites O'Neil to support his argument that trial counsel was ineffective for failing to raise a claim of self-defense. 219 N.J. at 602. The reliance is misplaced. In O'Neil, the defendant's self-defense argument was appropriately raised, but his counsel agreed that the argument could only be used for the murder charge, not the aggravated manslaughter or manslaughter charge. Id. at 605. In contrast, here, no self-defense evidence was presented to the jury. And as noted, defendant has not identified anyone or any evidence that would support his self-defense theory. The PCR judge properly determined that defendant's bald assertion is insufficient. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[A defendant] must do more than make bald assertions that [they] w[ere] denied the effective assistance of counsel.").

A-3822-23

Judge Pascual therefore correctly denied defendant's PCR claim without an evidentiary hearing that trial counsel or appellate counsel were ineffective for not putting forth a self-defense claim because the trial evidence did not support the theory.  See State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

Video Narration

Defendant argues trial counsel was ineffective for failing to object to prosecutorial misconduct in narrating the surveillance video during opening and closing statements.  There is no merit to this argument.

A prosecutor's opening should be "limited to the 'facts . . . [they] intend[] in good faith to prove by competent evidence.'"  State v. Wakefield, 190 N.J. 397, 442 (2007) (quoting State v. Hipplewith, 33 N.J. 300, 309 (1960)).  A "prosecutor[] should not make inaccurate legal or factual assertions during a trial and . . . must confine their comments to evidence revealed during the trial and reasonable inferences to be drawn from that evidence."  State v. Smith, 167 N.J. 158, 178 (2001) (citing State v. Frost, 158 N.J. 76, 86 (1999)).  However, "even when a prosecutor's remarks stray over the line of permissible commentary, our inquiry does not end."  State v. McNeil-Thomas, 238 N.J. 256,

275 (2019). To complete the inquiry, courts must "weigh 'the severity of the misconduct and its prejudicial effect on the defendant's right to a fair trial,'" and "reverse a conviction on the basis of prosecutorial misconduct only if 'the conduct was so egregious as to deprive defendant of a fair trial.'" Ibid. (quoting Wakefield, 190 N.J. at 437).

During opening remarks, the prosecutor did not play the video, but merely set the scene, describing the outside of the lounge, and identifying defendant and the victim before recounting the alleged sequence of events. In closing, the prosecutor played the video and described it in connection with the trial testimony. The prosecutor first highlighted the alleged inconsistencies in defendant's arguments and then posed questions to the jury about what was depicted in the video: "Could it be that the object that we saw in his right hand with that white athletic glove that looks like a gun is something other than a gun?" The prosecutor played the video and emphasized defendant's attire, which defendant's counsel had previously addressed during his closing, arguing that the color of the shirt did not match what he was wearing when he was arrested that night. The prosecutor pointed out the video showed a police car by Jersey City Police Officer Ed Redmond drive by the lounge and then return a few moments later after hearing a gunshot. In sum, the prosecutor did nothing more

14                                                                                                    A-3822-23

than point out key details of the crime, including those that defendant attempted to discount in his closing.

We agree with Judge Pascual that the prosecutor's references to the video during his opening and closing statements did not constitute misconduct because in accordance with State v. Feaster, they did not have the "capacity to deprive defendant of a fair trial" and they were limited to "'the evidence and the reasonable inferences to be drawn therefrom.'" 156 N.J. 1, 59, 63 (1998) (quoting State v. Johnson, 120 N.J. 263, 296 (1990)). The judge correctly denied defendant's ineffective assistance of counsel claim without an evidentiary hearing as there was no evidence that an objection to the narration would have been granted and changed the outcome of the jury's verdict. See Worlock, 117 N.J. at 625.

Right to Confrontation

Defendant argues trial counsel was ineffective for failing to object to the State's violation of his Sixth Amendment constitutional right to face his accuser—the victim. Given that the victim did not testify at trial, defendant asserts he was deprived of his confrontation right, as well as his Fourteenth Amendment due process right to a fair trial. We are unpersuaded.

First, and foremost, trial counsel objected to the victim's lack of testimony in moving for acquittal at the close of the State's case under State v. Reyes, 50 N.J. 454 (1967), and in a post-trial motion for judgment of acquittal or new trial under Rule 3:18-2. Defendant argued that without the victim's testimony there was no evidence that he inflicted the victim's injuries and therefore the State failed to prove the charges. The trial court denied both motions, respectively ruling a rational jury could reasonably infer defendant's guilt based on the evidence presented, and there was no clear and convincing argument that "there was manifest denial of justice under the law."

The intent of the Confrontation Clause is to afford a criminal defendant the opportunity to challenge anyone who presents testimony against him or her. Crawford v. Washington, 541 U.S. 36, 51-59 (2004). It requires that testimonial evidence be subject to cross-examination because the dispatcher was a witness who bore testimony against defendant. State v. Buda, 195 N.J. 278, 300 (2008).

Judge Pascual correctly determined defendant was not denied his confrontation rights. He reasoned it was unrefuted that the victim did not testify against defendant, nor was there any evidence attributed to the victim's identification of defendant presented at trial. He found that defendant "failed to demonstrate that the State introduced testimony from the victim during the trial

16

that implicated the [c]onfrontation [c]lause." We discern no reason to upset the judge's ruling.

Medical Evidence

Defendant argues trial and appellate counsel were ineffective for allowing a conviction without the State presenting medical evidence of the victim's injuries or evidence as to any actual gunshot. Defendant maintains that the photographs of the victim admitted into evidence did not show a gunshot injury. We disagree.

Based on the State's evidence, a reasonable jury could conclude—without medical evidence—that there was serious bodily injury or bodily injury from a gunshot. Redmond testified that he heard a single gunshot, returned to the lounge, and interacted with the victim, who had a gunshot wound in his abdomen. Another police officer testified that he located a shell casing outside the lounge. The surveillance video captured an individual wearing a batting-type glove and an object in that same hand, whom the State alleged was defendant, involved in an altercation with the victim. A third police officer testified that defendant had a presumptive blood stained batting-type glove in his pocket when he was arrested. Analysis of the stain resulted in a forensic match for defendant. Thus, the when, where, and the cause of the victim's injury

A-3822-23

were supported by circumstantial evidence presented by the State. See State v. Goodman, 9 N.J. 569, 581 (1952) (quoting State v. O'Connor, 134 N.J.L. 536, 539 (Sup. Ct. 1946)) ("[C]ircumstantial evidence is not only sufficient but may also be 'more certain, satisfying and persuasive than directed evidence.'").

We agree with Judge Pascual's rejection of this ineffective assistance of counsel claim without an evidentiary hearing.

Counsel's Conviction

Defendant argues he was entitled to a new trial or at least an evidentiary hearing because one of his two trial counsel, James R. Lisa, had recently been convicted in federal court for multiple fraud crimes. Despite acknowledging that there is no direct connection between Lisa's conviction and his case, defendant asserts that counsel failed to adequately investigate and prepare proper trial strategy. There is no merit to this argument.

Because this argument was not raised before the PCR judge,[3] we should not consider it as it does not "go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)); see also

---

[3] In his PCR application, defendant merely submitted a copy of the press release regarding Lisa's conviction.

State v. Galicia, 210 N.J. 364, 383 (2012) ("Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below."). Nevertheless, in addressing the argument, we conclude defendant has not established a prima facie case of ineffective assistance of counsel regarding Lisa's conviction.

Lisa was convicted of wire fraud, aggravated identity theft, obstructing the IRS, failing to file an individual income tax return, and committing wire fraud while on pretrial release. Defendant has not submitted any evidence showing that Lisa's unrelated criminal conduct negatively impacted his right to a fair trial. And there are no certifications supporting defendant's contention that additional investigation by counsel would have provided any new evidence benefitting his defense. Defendant's bald assertion does not establish ineffective assistance of counsel. See Cummings, 321 N.J. Super. at 170.

We agree with Judge Pascual's rejection of this ineffective assistance of counsel claim without an evidentiary hearing.

Cumulative Errors

Defendant contends appellate counsel was ineffective for not arguing that the cumulative errors of failing to argue Points I through IV and VI through X on direct appeal warranted reversal. We are unpersuaded.

The PCR judge ruled that defendant's appellate counsel was not ineffective for failing to raise the issue of cumulative error on appeal. The PCR judge cited State v. Chew, 179 N.J. 186, 204 (2004), to establish cumulative error they "must be so serious as to undermine the [reviewing] court's confidence in the jury's verdict or result reached" and reasoned that defendant's alleged "errors on their own are insufficient to warrant [PCR]." Because we have also concluded that none of defendant's ineffective assistance arguments has merit, we agree with the PCR judge's ruling.

IV.

In points VI through XI of his merits brief, defendant contends the PCR judge erred in invoking Rule 3:22-5 to bar certain claims of his because this court had adjudicated them on direct appeal. Specifically, these claims relate to Redmond's testimony, the admission of photographs of the victim's injuries, failure to request a jury charge pursuant to Clawans, failure to request a jury instruction regarding the second-degree possession of a weapon for an unlawful purpose charge, and failure to raise a defense of third-party guilt. Defendant contends Rule 3:22-5 does not bar these claims because they involve constitutional issues of substantial importance. We address these contentions in turn.

20

<u>Redmond's Testimony</u>

Defendant argues <u>Rule</u> 3:22-5 should be relaxed regarding Redmond's testimony because the officer offered an impermissible expert opinion as to whether the victim had sustained a gunshot wound, which negatively impacted his right to a fair trial. In addition, defendant argues trial counsel was ineffective for failing to object and properly litigate the issue. Defendant's arguments are unavailing.

We unequivocally concluded that, even though trial counsel did not object, Redmond's testimony that the victim suffered a gunshot wound without medical evidence was that of fact witness's observation, and the trial court's admissibility of the testimony under N.J.R.E. 701 was neither an abuse of discretion nor plain error creating an unjust result. <u>Morrison</u>, slip op. at 12. We further added that no plain error occurred because the admission of the testimony did not create an unjust result. <u>Id.</u> at 13. In noting the issue was previously addressed, the PCR judge reiterated our ruling and determined "any ineffectiveness of counsel" did not prejudice defendant. We discern no legitimate reason to reconsider the admissibility of Redmond's testimony that the victim suffered a gunshot wound as the Judge Pascual properly applied <u>Rule</u> 3:22-5.

21

<u>The Victim's Photographs</u>

Defendant argues the PCR judge erred in declining to address his claim that trial counsel was ineffective for failing to object to the four photographs of the victim's facial injuries while he was lying in the hospital, on the grounds that this court erred when it held on direct appeal that the photographs did not deny defendant a fair trial. We disagree.

We held that the photographs "would not inflame the passions of a jury" and that "[t]heir admission did not prejudice defendant's right to a fair trial." <u>Id.</u> at 18. Trial counsel's failure to object is of no moment, considering our ruling. Indeed, counsel cross-examined the police officer who took the pictures about the delay in taking the photographs six days after the incident. The jury could reasonably conclude from the photographs that the victim's injuries were the result of the altercation with defendant as displayed on the surveillance video. In accordance with <u>Rule</u> 3:22-5, there is no basis to reconsider the admissibility of the victim's photographs.

<u>Clawans Jury Charge</u>

Defendant argues the PCR judge erred in finding defendant's claim that counsel was ineffective for failing to request a <u>Clawans</u> jury charge was barred because we adjudicated the issue on direct appeal. Defendant argues the jury

should have been given the charge as it could draw a negative inference against the State for failing to produce the victim.

We rejected defendant's contention on direct appeal that the trial court should have given the <u>Clawans</u> charge. We reasoned: "A fundamental requirement for <u>Clawans</u> is that the victim be unavailable to the defendant. The victim was equally available to both parties, making the <u>Clawans</u> inference unavailable." <u>Morrison</u>, slip op. at 19 (citing <u>Clawans</u>, 38 N.J. at 171). Moreover, in addressing the merits of argument, the PCR judge properly maintained the State did not rely on evidence from the victim except for his injuries; there was no indication he "would have cooperated if called to testify at trial," and even if he testified, there was no evidence his testimony "would have been superior" to other evidence. Pursuant to <u>Rule</u> 3:22-5, there is no reason to reconsider defendant's <u>Clawans</u> charge contention.

<u>Jury Instruction</u>

Defendant argues the PCR judge erred in barring his claim that trial counsel was ineffective for failing to request a jury instruction that the jury must find defendant not guilty if the State failed to prove all elements of the charge for second-degree possession of a weapon for an unlawful purpose. Defendant

claims the trial court misrepresented the jury instruction regarding the charge for second-degree possession of an unlawful purpose. We are unpersuaded.

This issue was raised on direct appeal. To refute defendant's contention, the State provided a copy of the CD created from the courtroom recording for our review. Id. at 19. We concluded that the CD "refute[d] the misstatement in the transcript," and that the trial court gave the correct jury charge, tracking the appropriate model charge. Ibid. The CD was provided neither to the PCR judge nor us. Nevertheless, the PCR judge correctly found that this issue was previously adjudicated and did not constitute a PCR ineffective assistance claim per Rule 3:22-5.

Third-Party Guilt

Defendant contends the PCR judge erred in barring his claim that his trial and appellate counsel were ineffective for failing to properly raise third-party guilt. Defendant argues his trial counsel should have presented a third-party guilt defense, highlighting that the victim "was aggressive, belligerent," and had started a fight with other individuals that night. Defendant argues appellate counsel failed to raise the defense. We are unpersuaded.

As noted above, we addressed third-party guilt, concluding there was no factual support for the defense. Id. at 10-11. The PCR judge properly

24

recognized this and reasoned that defendant's arguments that his trial counsel failed "to properly investigate, prepare, and litigate his trial with all proper defenses" were simply bald assertions "belied by the record.". Defendant's contention that his appellate counsel was ineffective for failing to argue self-defense falls flat for the same reasons as his claim against trial counsel. Defendant did not present any evidence establishing that appellate counsel was deficient, nor that any deficiency prejudiced him. Thus, the PCR judge correctly rejected this argument per Rule 3:22-5.

To the extent we have not specifically addressed any of defendant's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

25                                                                    A-3822-23